UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| KEISHYA LATRISE LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV413-112 |
| | ) |
| MEMORIAL HEALTH UNIVERSITY | ) |
| MEDICAL CENTER, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Keishya Latrise Love has filed several motions asking the Court "to subpoena" defendant and its employees. (Docs. 9, 10, 11, & 19.) Defendant correctly notes that plaintiff's attempt to obtain discovery was premature[1] and, further, that traditional discovery vehicles would be the preferred method for obtaining any information she seeks from a party-opponent. (Doc. 22.) As plaintiff has shown no legitimate purpose for the requested subpoenas, the Court declines to issue them. Her motions "to subpoena" defendant and its employees are DENIED.

---

[1] Under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so *before* seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f).

Love may seek information needed to prosecute her claim by properly serving defendant with interrogatories and requests for the production of documents. Fed. R. Civ. P. 33, 34.² Through interrogatories, plaintiff can require defendant to answer her written questions seeking information about any matter that is relevant to any party's claim or defense, including the existence and location of documents and the names of any witnesses who have knowledge of the facts. Fed R. Civ. P. 26(f). Through a request to produce, plaintiff can direct defendant to produce documents, electronically stored information, or tangible things relevant to her claim or the defense.³ It is true that plaintiff may notice the deposition of the corporate defendant (without use of a subpoena) under Fed. R. Civ. P. 30(b)(6), though she must describe "with reasonable particularity the matters for

---

² Interrogatories and requests for production may be served only on a *party* to the litigation. Absent leave of Court, plaintiff may serve "no more than 25 written interrogatories, including all discrete subparts," upon defendant. Fed. R. Civ. P. 33(a)(1).

³ The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection. *Id.*

examination." *Id.* But because the party noticing a deposition must bear the costs of recording that deposition (which generally requires the use of a stenographer), Fed. R. Civ. P. 30(b)(3), plaintiff may find that the written discovery mechanisms provided by Rules 33 and 34 are better suited to her pocketbook.

Love also moves to subpoena Tabitha Evonne Thomas Hendry, a non-party. (Doc. 25.) Defendant opposes the request, but it is questionable whether it has standing to do so. (Doc. 26.) In any event, Love need not pester the Court with requests for subpoenas needed to secure documents or testimony from a non-party. She may simply approach the Clerk and ask for them. Since there was no need for her to request the subpoenas via motion, her motion for a subpoena (doc. 25) is **DENIED** as moot.

She is advised, however, that while she is generally entitled to have the Clerk of the Court issue a subpoena needed to secure documents or testimony from a non-party, she may incur significant expense in employing it. If she uses a subpoena to command a non-party witness' appearance, she will be required to pay the witness' fees

and mileage as allowed by law, unless the fees are waived. Fed. R. Civ. P. 45(b)(1). Additionally, she may incur the costs of a process server. *Id.* She is not entitled to public funds for these expenses. Even pro se litigants must bear their own litigation expenses. While the *in forma pauperis* statute provides access to the court to an indigent litigant by permitting the waiver of prepayment of fees and costs, *see* 28 U.S.C. § 1915(a), no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993); *Doye v. Colvin*, 2009 WL 764980 at * 1 (S.D. Ga. Mar. 23, 2009) (same). Hence, her request that the Court offset her expenses in "recording of [a] witness" (doc. 27) is DENIED.

Another matter has come to the Court's attention. Elizabeth Parker is still listed as a defendant in this action. She was the Nurse Manager who took steps to fire Love. (Doc. 1.) Employment discrimination suits, however, are only permitted against a plaintiff's employer, not against supervisors in their individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("relief granted

4

under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."). The complaint itself only names Memorial Health as a defendant, so the Court presumes that that the Clerk mistakenly added Parker. Accordingly, the Clerk is **DIRECTED** to strike her name from the caption of this case.

Finally, Love has repeatedly attempted to obtain Court intervention without properly captioning her filings, which has led the Clerk to file them as letters to the Court. (*See* docs. 4, 5, 13, 14, 20, & 23.) Letters seeking judicial relief are not welcome or appropriate. The Federal Rules of Civil Procedure specifically provide that "[a] request for a court order must be made by written motion." Fed. R. Civ. P. 7(b)(1) (emphasis added); *see In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000); *see also* Ga. Ct. App. R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites"). Should Love wish to re-file any of those requests in the form of a properly-captioned motion,[4] properly captioned in the style of this case,

---

[4] The proper "caption" of this case is set forth on the first page of this Order. In addition to setting out the names of the parties and the case number, plaintiff should specifically label her filing as a "motion."

she should do so; otherwise they will be ignored.

**SO ORDERED** this 6th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA